

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 31, 1985

Honorable Carlos F. Truan
Chairman
Health Services Subcommittee
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas    73711

Opinion No.   JM-413

Re: Whether a member of the Texas
Board of Human Resources may run
for a county office without
resigning the state office

Dear Senator Truan:

You ask whether a member of a state agency board must resign that
position to run for a county office. Your question concerns a member
of the Texas Board of Human Resources, which is responsible for
governing the Texas Department of Human Resources. Hum. Res. Code
§§21.001; 21.003.

Article XVI, section 65 of the Texas Constitution provides that
certain local officers will resign their office if they become
candidates for another office under the following circumstances:

> if any of the officers named herein shall announce
> their candidacy, or shall in fact become a candi-
> date, in any General, Special or Primary Election,
> for any office of profit or trust under the laws
> of this State or the United States other than the
> office then held, at any time when the unexpired
> term of the office then held shall exceed one (1)
> year, such announcement or such candidacy shall
> constitute an automatic resignation of the office
> then held, and the vacancy thereby created shall
> be filled pursuant to law in the same manner as
> other vacancies for such office are filled.

This provision applies only to the judges, county officers and other
local officers enumerated in article XVI, section 65 of the Texas
Constitution. See Clements v. Fashing, 457 U.S. 957 (1982); Attorney
General Opinion MW-513 (1982). It is not applicable to members of the
Board of Human Resources.

Members of the board are subject to the following provision:

> (a) An officer or employee of the department
> may not use his official authority or influence or
> permit the use of the programs administered by the

p. 1887

department for the purposes of interfering with or affecting the results of an election or for any political purpose.

(b) An officer or employee of the department is subject to all applicable federal restrictions on political activities. However, an officer or employee retains the right to vote as he or she pleases and may express his or her opinion as a citizen on all political subjects.

(c) An officer or employee of the department who violates a provision of this section is subject to discharge or suspension or other disciplinary measures authorized by the department's rules.

Hum. Res. Code §21.009. Section 21.009(a) prohibits an officer of the department from using official authority or influence to affect the results of an election. This provision does not as a matter of law prohibit a board member from running for another public office while retaining his position on the board. Whether a board member has violated this provision in connection with an election in which he is a candidate depends upon the surrounding facts. If he does violate section 21.009(a) he is "subject to discharge or suspension or other disciplinary measures authorized by the department's rules." Hum. Res. Code §21.009(c).

Section 21.009(b) of the Human Resources Code subjects officers and employees of the department to certain provisions of the federal Hatch Act. Chapter 15 of title 5 of the United States Code restricts the political activity of state officers and employees covered by the following definition:

(4) 'State or local officer or employee' means an individual employed by a State or local agency whose principal employment is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or Federal agency, but does not include --

(A) an individual who exercises no functions in connection with that activity; or

(B) an individual employed by an educational or research institution, establishment, agency, or system which is supported in whole or in part by a State or political subdivision thereof, or by a recognized religious, philanthropic, or cultural organization. (Emphasis added).

5 U.S.C. §1501(4). The individual's "principal employment" is not limited to his "principal public employment." (Emphasis added). Anderson v. United States Civil Service Commission, 119 F.Supp. 567 (D. Mont. 1954). When a state officer or employee holds both a public and a private job, his "principal employment" is determined by comparing the two employments. Matturri v. United States Civil Service Commission, 229 F.2d 435 (3d Cir. 1956), per curiam; Anderson v. United States Civil Service Commission, supra. For example, where a state official devoted more time to and earned more money from his private law practice than from his work for the state Department of Public Welfare, his "principal employment" was not in connection with a federally financed activity. Anderson v. United States Civil Service Commission, 119 F.Supp. 567 (D.C. Mont. 1954). An officer of the Newark Housing Authority who received no compensation for his public employment was principally employed in his private law practice. Matturri v. United States Civil Service Commission, 13 F.Supp. 15 (D.N.J. 1955), aff'd 229 F.2d 435 (3d Cir. 1956) per curiam.

The Texas Department of Human Resources administers federally funded welfare programs. Hum. Res. Code §22.002. While performing their duties, board members are entitled to "per diem as prescribed by the General Appropriations Act." Hum. Res. Code §21.003(g). What constitutes the board member's "principal employment" requires a comparison of the public employment as board member with any other public and private employment this individual may have. This comparison requires an investigation and evaluation of facts to be carried out in accordance with the judicially stated standards.

An individual covered by the Hatch Act definition of "state or local officer or employee" may not

> (1) use his official authority or influence for the purpose of interfering with or affecting the result of an election or a nomination for office;

> (2) directly or indirectly coerce, attempt to coerce, command, or advise a State or local officer or employee to pay, lend, or contribute anything of value to a party, committee, organization, agency, or person for political purposes; or

> (3) be a candidate for elective office.
> (Emphasis added).

5 U.S.C. §1502(a). The prohibition against being a candidate for elective office applies to partisan elections. 5 U.S.C. §1503. County officers in Texas are partisan officers. See Elec. Code §§52.091, 52.092, 172.001, 172.002, 172.029 (effective January 1, 1986); Elec. Code §§6.01, 6.05, 6.05b, 6.05c, 13.02, 13.14 (1925) (repealed 1985). See also Elec. Code, Acts 1985, 69th Leg., ch. 211,

§12, at 1749 (if United States Department of Justice objects to any provision of new Election Code, the corresponding provision of prior law is not repealed).

If an individual's "principal employment" is as a member of the Texas Board of Human Resources, that person may not retain that position after becoming a candidate for county office. If a member of the Board of Human Resources is not principally employed as a member of that board, he may retain his board membership while he is a candidate for a county office. Whether a particular individual is principally employed as a member of the board of Human Resources involves the investigation of factual matters, which cannot be done in the opinion process.

## S U M M A R Y

A member of the Texas Board of Human Resources is not subject to article XVI, section 65 of the Texas Constitution. Section 21.009(b) of the Human Resources Code subjects officers and employees of the Texas Department of Human Resources to all applicable federal restrictions on political activities. Provisions of the federal Hatch Act found in 5 U.S.C., sections 1501 et seq. restrict the political activity of certain state officers and employees whose principal employment is in connection with an activity financed in whole or part by federal loans and grants. Such individuals are prohibited by 5 U.S.C., sections 1502 and 1503, from running for partisan political office.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General